```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF MISSISSIPPI
                NORTHERN DIVISION
```

UNITED STATES OF AMERICA

VS.                               CRIMINAL NO. 3:18CR66TSL-FKB
                                  CIVIL ACTION NO. 3:20CV466TSL

JERMAINE LOCKETT

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Jermaine Lockett to vacate pursuant to 28 U.S.C. § 2255. Having considered the motion, the court concludes it is due to be denied.

On March 30, 2018, Lockett was charged in a two-count felony information with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and with possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1)(c). After initially entering a plea of "not guilty," on April 19, 2018, Lockett appeared before the court, and having entered into a plea agreement with the government, pled guilty to both counts of the information. Significantly, the plea agreement provided that Lockett waived the right to contest his conviction and sentence "or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28,

United States Code, Section 2255."[1] On July 19, 2018, the court sentenced Lockett to two seventy-month terms of imprisonment, followed by two three-year terms of supervised release, to run concurrently to each other. The court entered judgment on July 26, 2018. The record does not reflect that Lockett filed an appeal. By his motion, filed on July 9, 2020, via the mailbox rule, defendant seeks relief under the Supreme Court's June 21, 2019 decision in Rehaif v. United States, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019), which holds that in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." Id. at 2194.

Rule 4(b) of the Rules Governing Section 2255 Proceedings tasks the court with conducting a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Notably, pursuant to this rule, the court may sua sponte raise both the statute of limitations, see Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999), and a plea agreement's waiver of the right to pursue § 2255 collateral relief, see United States v. Del

---

[1] By the plea agreement, defendant did reserve the right to assert claims for ineffective assistance of counsel. He has not asserted an ineffective assistance of counsel claim in this § 2255

Toro-Alejandre, 489 F.3d 721, 723 (5th Cir. 2007). Here, the court finds that the motion is barred by the applicable statute of limitations and by the waiver provision in defendant's plea agreement.

Per § 2255, "a motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003). "When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires." United States v. Scruggs, 691 F.3d 660, 669 (5th Cir. 2012); Fed. Rule App. Proc. 4(b)(1) (providing that defendant has fourteen days from entry of judgment in which to file notice of appeal). Accordingly, where the court entered judgment on July 28, 2018, Lockett's conviction became final on August 10, 2018. It follows then because Lockett's § 2255 motion was due to be filed by on or before August 12, 2019, and was not filed, via the mailbox rule, until July 9, 2020, it is untimely and subject to dismissal.

---

motion.

The court reaches this conclusion despite Lockett's argument that pursuant to § 2255(f)(3),[2] the statute of limitations should have begun to run as of June 21, 2019, the date of the Supreme Court's decision in Rehaif.  While neither the Supreme Court nor the United States Court of Appeals for the Fifth Circuit has addressed the issue of whether Rehaif was made retroactively applicable to cases on collateral review, various courts, including the Eleventh, Third and Sixth Circuit Courts of Appeals, have concluded that Rehaif is not retroactively applicable to cases on collateral review.  See United States v. Kelley, No. 3:18-CR-00147, 2020 WL 2564679, at *1–2 (W.D. La. May 19, 2020)(collecting cases and citing In re Palacios, 931 F.3d 1314 (11th Cir. 2019)("Rehaif v. United States did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. §§ 922(g) and 924(a)(2)").  The court, despite Lockett's argument to the contrary, is likewise persuaded that Rehaif did not announce a new rule of constitutional law which is to be applied retroactively on collateral review.  The court further observes that, even had Rehaif commenced a new limitations

---

[2]  This section provides that

> [a] 1-year period of limitation shall apply under this section.  The limitation period shall run from the latest of — (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases

period, Lockett's § 2255 motion was not filed within a year of its issuance and does not set forth any basis or provide any proof upon which the court could find that the limitations period should be equitable tolled.  Accordingly, his motion will be denied as untimely.

It is further clear that Lockett's motion is subject to the waiver set out in his plea agreement.  A waiver of a defendant's right to appeal or to seek relief pursuant to § 2255 will be upheld so long as the waiver is informed and voluntary.  United States v. White, 307 F. 3d 366, 343-44 (5th Cir. 2002); see also United States v. Wilkes, 20 F. 3d 651, 654, (5th Cir. 1994) (waiver of right to seek § 2255 relief indistinguishable from right to appeal and may be waived under terms of plea agreement, save certain claims of ineffective assistance of counsel); United States v. Hollins, 97 Fed. Appx. 477, 479 (5th Cir. 2004) (§ 2255 waivers are valid, except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum).

Here, at his change of plea hearing, having been sworn by the court, Lockett affirmed that he had not been coerced or otherwise induced to enter into his plea agreement.  He further represented

---

on collateral review.

that his counsel had explained the terms of the plea agreement to him and that he understood its terms. Lockett, by signing the MOU, agreed to waive his right to appeal the conviction or sentence or to contest the conviction or sentence pursuant to § 2255. Moreover, at the change of plea hearing, upon the court's inquiry, Lockett specifically confirmed that he understood that by entering into the plea agreement, he was waiving the right to appeal and to file for relief pursuant to § 2255. It follows then that Lockett's motion is barred by his waiver.

Based on the foregoing, it is ordered that defendant's § 2255 motion is denied.

It is further ordered that a certificate of appealability is denied. Defendant has failed to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and that "jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 17th day of August, 2020.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE